Haynes, J.
These two suits, involving substantially the same state of facts, were heard together. In the court of common pleas an action was brought, by each of the defendants in error to recover the amount of a certain award that was made by a jury in the probate court to them, against the city of Toledo, for lands taken by the city of Toledo for street purposes. To those petitions answers were filed, setting up that the parties had been paid in a certain way, The case was heard upon testimony before the judge, a,jury being waived, and judgment was rendered in favor of each of the plaintiffs below against the city.
The claim of the city is that it had paid each of these parties by delivering to them^certificates of indebtedness of *497 the city of Toledo. I will read only one of them, for they are both alike, except as to names, etc.:
Certificate of Indebtedness of the City oe Toledo.
“It is hereby certified, that there is due from the city of Toledo, Ohio, to Helen Mason or bearer, the sum of six hundred and ten dollars, with interest at the rate of six (6) per centum per annum from the twelfth day of July, 1886, in payment of amount awarded for condemnation of property for opening and extending Wabash street, from Fifteenth street to Lenk street.
“This certificate is issued under and. by virtue of an ordinance of the city of Toledo, passed July 12, 1886, (which ordinance is hereby expressly made a part of this contract, and the holder thereof expressly agrees to abide and be bound by all the terms and conditions of said ordinance), and is payable, principal and interest, when the assessment for opening and extending Wabash street from Fifteenth street to Lenk street is levied and collected. Proyided, however, that the city of Toledo shall .first be reimbursed for all money by it expended as provided in the ordinance herein referred to. And after that there shall be paid and applied on the certificates of which this is one, such proportional amounts of said assessment, if any, as has been collected on the first day of March, 1887, and every six months thereafter, until all the assessments collected for said purpose, less the amount necessary to reimburse, the city as aforesaid, shall be applied toward the payment of these certificates.
“This is one of a series of certificates issued by virtue of said ordinance, amounting in the aggregate not to exceed eighteen thousand dollars, all of which are payable, principal and interest, only out of the fund arising from the collection of said assessment for said opening and extending of Wabash street from Fifteenth street to Lenk street, and as payments are made, the amount of said payment is to be indorsed hereon.
“In witness whereof the mayor of said city and city clerk have hereto subscribed their names officially and affixed the corporate seal of the city of Toledo, this 13th day of July, A. D. 1886.”
(Signed by the mayor and city clerk.)
*498 (Indorsed:) “Receivable in payment of the special assessments levied for the improvement for which this certificate is issued, after the city shall have been reimbursed, as provided in the ordinance referred to herein, and made a part of this contract.”
Some payments have been made upon these certificates of indebtedness, principally by way of appropriating a portion of the amount in payment of the assessment that was made upon the lots for the payment of the debt.
The constitution of the state provides that when land is taken for public purposes, a compensation shall be made in money of the value of the land taken. It was under this constitutional provision that proceedings were had in pursuance of the act of legislature, whereby, acting under the right of eminent domain, the city did take the lands of these respective parties for a public street in the city of Toledo. By the express terms of the constitution, the city should have paid the' owner of these lands money to the amount of the value of the lands so taken as assessed in court by a jury. The city never has done that. It says that the parties received these certificates of indebtedness in full payment of that judgment. The evidence shows, as to Sanwald, that the certificate was left at his house in his absence. He was a laboring man working for some firm in the city. When he came home he found it at his house. Afterwards, at their request, he went to the city officers, and they asked him for and he gave a receipt without knowing what was in it, supposing that it was the proper way for him to do; and especially not knowing in regard to the terms of the ordinance which was made a part of the certificate of indebtedness. In the case of Helen Mason, the certificate was received by the clerk of the attorney for her in the appropriation proceedings, as I understand, and he receipted for it. She says she never had any knowledge of the ordinance, or anything of the kind.
*499 The question now comes up whether these parties have received these certificates of indebtedness in such manner that they can be held to the payment of the amount that was awarded in their favor in the probate court. We are very clear that the decision must be against the city in this respect. . The general principle is that an accord and satisfaction of a judgment must be to the full amount of the judgment. If anything less is taken, it must be upon a consideration that is paid. We see nowhere in this whole transaction any consideration given by the city to these parties in any manner or form, whereby, for that consideration, they agree to take these certificates of indebtedness in satisfaction of their debt.
It appears, also, as I have said, that they were not fully aware of the conditions of this certificate of indebtedness. If they had taken anything else than money, they should understand it, and know, and have full knowledge of what they were doing, so that they would be acting understandingly in regard to the matter.
These certificates of indebtedness, it will be observed, under and by the terms of the ordinance, provide that the city shall make an assessment' upon the property and land abutting upon the street, including that of the party whose land is taken, and that when the amount of this assessment is collected, the city will pay first to the city of Toledo the full amount of all expenses to which it has been put in making these appropriations, which includes attorneys’ fees, and matters of that kind. Those expenses are to be reimbursed to the city by these defendants to the appropriation proceedings, though the statute provides that the costs shall be adjudged against the city. Then of the moneys that are left, the city will prorate the sums among the different persons holding these certificates. - It follows that if the amount collected is not sufficient to pay. all the expenses, *500 the party who holds the certificate of indebtedness will have to stand the loss. In this case there were so many rebates that the money received would not pay off the indebtedness. While the city received the full amount of its expenses, the property owner fell far short of getting the full amount allowed by the courts as the value of his land taken.
C. F. Watts, for Plaintiff in Error.
Beard & Beard, for Defendant in Error.
We feel very clear in this matter, this certificate of indebtedness ought not be held an accord and satisfaction of the judgment in any' manner or form. It is neither right or just that it should be so.
The judgment of the court of common pleas will, therefore, be affirmed, but reasonable cause will be certified.